UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARLA OTTLEY-COUSIN,

                Plaintiff,

  -against-

MMC HOLDINGS, INC.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER**

Case No. 16 CV 0577

Defendant MMC Holding of Brooklyn Inc. (incorrectly identified in the Complaint as "MMC Holdings, Inc.") ("Defendant")[1], by and through its attorneys, Kelley Drye & Warren LLP, as and for its Answer to the Complaint ("Complaint") filed by Plaintiff Carla Ottley-Cousin ("Plaintiff"), hereby states as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 of the Complaint contains a statement as to the nature of Plaintiff's claims and contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 1 of the Complaint, and specifically denies that it has engaged in any discriminatory or retaliatory conduct in violation of any federal, state, or local statute.

2. Paragraph 2 of the Complaint contains a statement as to the nature of Plaintiff's claims and contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 2 of the Complaint, and specifically denies that it has violated or deprived Plaintiff of any rights under the

---

[1] Named Defendant Maimonides Medical Center has been dismissed from this lawsuit.

Civil Rights Act of 1886, 42 U.S.C. § 1981 ("1981"), the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 ("FMLA"), the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-131("NYCHRL"), or any other applicable federal, state, or local statute.

## JURISDICTION AND VENUE

3.  Paragraph 3 of the Complaint contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 3, except admits that Plaintiff purports to assert jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

4.  Paragraph 4 of the Complaint contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 4, except admits that Plaintiff purports to assert jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

5.  Defendant admits that venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

## TRIAL BY JURY

6.  Paragraph 6 of the Complaint contains a statement that Plaintiff requests a trial before a jury to which no response is required.

## PARTIES

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.  Denies the allegations in Paragraph 8 of the Complaint, except admits that Defendant MMC Holding of Brooklyn Inc., is a New York Corporation and has offices located at 4510 16th Avenue, Brooklyn, New York 11204.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and avers that Maimonides Medical Center has been dismissed from this lawsuit.

## FACTUAL ALLEGATIONS

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Admits the allegations in Paragraph 11 of the Complaint.

12. Denies the allegations in Paragraph 12 of the Complaint, except admits that Plaintiff's performance was reviewed at various times throughout her employment.

13. Denies the allegations in Paragraph 13 of the Complaint, except admits that Plaintiff became a Customer Service Supervisor in 2003.

14. Denies the allegations in Paragraph 14 of the Complaint, except admits that Plaintiff began to work under the supervision of Assistant Director Cindy Albertson ("Ms. Albertson), who is a Caucasian female and also had previously worked under the supervision of Phyllis Matera ("Ms. Matera"), a Caucasian female.

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Denies the allegations in Paragraph 16 of the Complaint.

17. Denies the allegations in Paragraph 17 of the Complaint.

18. Denies the allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint regarding Plaintiff's "opinions", except denies that Ms. Albertson made any racially-motivated, discriminatory, or offensive comments or statements.

NY01\GottA\4276195.3

20. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint regarding Plaintiff's feelings, except denies that Ms. Albertson made any racially-motivated, discriminatory, or offensive comments or statements.

21. Denies the allegations in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint regarding Plaintiff's alleged health issues, except denies that Ms. Albertson and Ms. Matera "harassed" Plaintiff or that they caused or contributed to any of Plaintiff's alleged health issues.

23. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint, except admits that Plaintiff requested and was granted leave in October 2014.

24. Denies the allegations in Paragraph 24 of the Complaint.

25. Denies the allegations in Paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, except denies that Defendant caused or contributed to any of Plaintiff's alleged health issues.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, except admits that Plaintiff requested and was given additional leave in October 2014.

28. Denies the allegations in Paragraph 28 of the Complaint.

29. Denies the allegations in Paragraph 29 of the Complaint, except admits Defendant's Human Resources Manager, Susan Zhou ("Ms. Zhou"), communicated with Plaintiff after she

went out on leave in October of 2014, but deny that such communications were on a bi-weekly basis.

30. Denies the allegations in Paragraph 30 of the Complaint, except admits that prior to Plaintiff's return to work on February 17, 2015, Ms. Zhou suggested that Plaintiff contact Ms. Albertson.

31. Denies the allegations in Paragraph 31 of the Complaint, except admits that Plaintiff spoke to Ms. Albertson prior to returning to work on February 17, 2015.

32. Denies the allegations in Paragraph 32 of the Complaint, except admits that Ms. Zhou communicated with Plaintiff after she went out on leave in October of 2014, and denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding Plaintiff's thoughts and feelings.

33. Denies the allegations in Paragraph 33 of the Complaint.

34. Denies the allegations in Paragraph 34 of the Complaint, except admits that Plaintiff returned to work for Defendant on February 17, 2015 as an Accounts Receivable Analyst.

35. Denies the allegations in Paragraph 35 of the Complaint, except avers that Plaintiff's title upon her return was Accounts Receivable Analyst, with the same hours, benefits and salary as prior to her leave.

36. Denies the allegations in Paragraph 36, except admits that Ms. Matera managed the Accounts Receivable Department.

37. Denies the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations in Paragraph 38 of the Complaint.

39. Denies the allegations in Paragraph 39 of the Complaint, except admits that Plaintiff was supervised by Gale Cortez ("Ms. Cortez").

5

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint except admits, upon information and belief, that Ms. Cortez is Caucasian.

41. Denies the allegations in Paragraph 41 of the Complaint.

42. Denies the allegations in Paragraph 42 of the Complaint.

43. Denies the allegations in Paragraph 43 of the Complaint, except admits that Plaintiff met with MaryAnn Ferrari ("Ms. Ferrari").

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint concerning Plaintiff's alleged health issues, except denies that Plaintiff was subjected to "daily harassment" at the workplace and denies that Defendant caused or contributed to Plaintiff's health issues in any way.

45. Denies the allegations in Paragraph 45 of the Complaint, except admits that Plaintiff requested FMLA leave in September of 2015.

46. Denies the allegations in Paragraph 46 of the Complaint, except admits that Plaintiff requested and was approved for FMLA leave for the period of September 11, 2015 through October 12, 2015.

47. Admits the allegations in Paragraph 47 of the Complaint.

48. Denies the allegations in Paragraph 48 of the Complaint, except admits that Defendant contacted Plaintiff during her FMLA leave.

49. Denies the allegations in Paragraph 49 of the Complaint.

50. Denies the allegations in Paragraph 50 of the Complaint, except admits that Ms. Zhou attempted to contact Plaintiff in November 2015, and that Plaintiff did not respond.

NY01\GottA\4276195.3

51. Denies the allegations in Paragraph 51 of the Complaint, except admits that Plaintiff's employment with Defendant was terminated on November 30, 2015 because she failed to return from leave after her requested leave period was exhausted, and respectfully refers the Court to the referenced letter for a complete and accurate statement of its content.

52. Denies the allegations in Paragraph 52 of the Complaint.

53. Denies the allegations in Paragraph 53 of the Complaint.

54. Denies the allegations in Paragraph 54 of the Complaint.

**RESPONSE TO "FIRST CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1886, 42 U.S.C. § 1981"**

55. Defendant repeats and re-alleges each and every response set forth in Paragraphs 1-54 of the Answer, as if fully set forth herein.

56. Paragraph 56 of the Complaint contains a statement regarding Section 1981 of the Civil Rights Act of 1886 ("Section 1981"), to which no response is required. To the extent a response is required, Defendant refers the Court to the relevant statute for a complete and accurate statement of its terms.

57. Paragraph 57 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint, and specifically denies that Defendant engaged in any discriminatory conduct in violation of Section 1981, or any other federal, state, or local law.

58. Paragraph 58 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint, and specifically denies that Defendant has caused Plaintiff harm or damage for which she is entitled to relief under Section 1981, or any other federal, state, or local law.

NY01\GottA\4276195.3

59. Paragraph 59 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint, and specifically denies that Defendant has willfully or recklessly disregarded any of Plaintiff's federally protected rights for which she is entitled to an award of punitive damages against Defendant.

**RESPONSE TO "SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1886, 42 U.S.C. § 1981"**

60. Defendant repeats and re-alleges each and every response set forth in Paragraphs 1-59 of the Answer, as if fully set forth herein.

61. Paragraph 61 of the Complaint contains a statement regarding Section 1981, to which no response is required. To the extent a response is required, Defendant refers the Court to the relevant statute for a complete and accurate statement of its terms.

62. Paragraph 62 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the Complaint, and specifically denies that Defendant has engaged in any retaliatory conduct in violation of Section 1981, or any other federal, state, or local law.

63. Paragraph 63 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63 of the Complaint, and specifically denies that Defendant has caused Plaintiff harm or damage for which she is entitled to relief under Section 1981, or any other federal, state, or local law.

64. Paragraph 64 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64 of the Complaint, and specifically denies that Defendant has willfully or recklessly disregarded any

of Plaintiff's federally protected rights for which she is entitled to an award of punitive damages against Defendant.

## RESPONSE TO "THIRD CASE OF ACTION: RETALIATION IN VIOLATION OF THE FMLA 29 U.S.C. §§ 2601-54"

65. Defendant repeats and re-alleges each and every response set forth in Paragraphs 1-64 of the Answer, as if fully set forth herein.

66. Denies the allegations in Paragraph 66 of the Complaint.

67. Denies the allegations in Paragraph 67 of the Complaint.

68. Denies the allegations in Paragraph 68 of the Complaint.

69. Denies the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70 of the Complaint, and specifically denies that Defendant has caused Plaintiff harm or damage for which she is entitled to relief under the FMLA, or any other federal, state, or local law.

## RESPONSE TO "FOURTH CAUSE OF ACTION: RACE DISCRIMINATION IN VIOLATION OF THE NYCHRL"

71. Defendant repeats and re-alleges each and every response set forth in Paragraphs 1-70 of the Answer, as if fully set forth herein.

72. Paragraph 72 of the Complaint contains a statement regarding the NYCHRL to which no response is required. To the extent a response is required, Defendant refers the Court to the relevant statute for a complete and accurate statement of its terms.

73. Paragraph 73 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73 of

9

the Complaint, and specifically denies that Defendant has engaged in any discriminatory conduct in violation of the NYCHRL, or any other federal, state, or local law.

74. Paragraph 74 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint, and specifically denies that Defendant has caused Plaintiff harm or damage for which she is entitled to relief under the NYCHRL, or any other federal, state, or local law.

75. Paragraph 75 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75 of the Complaint, and specifically denies that Defendant has willfully or recklessly disregarded any of Plaintiff's protected rights for which she is entitled to an award of punitive damages against Defendant.

### RESPONSE TO "FIFTH CAUSE OF ACTION: RETALIATION IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW, AS CODIFIED AT N.Y.C. ADMIN. CODE §§ 8-101-8-131"

76. Defendant repeats and re-alleges each and every response set forth in Paragraphs 1-75 of the Answer, as if fully set forth herein.

77. Paragraph 77 of the Complaint contains a statement regarding the NYCHRL to which no response is required. To the extent a response is required, Defendant refers the Court to the relevant statute for a complete and accurate statement of its terms.

78. Paragraph 78 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78 and specifically denies that Defendant has engaged in any retaliatory conduct in violation of the NYCHRL, or any other federal, state, or local law.

79. Paragraph 79 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint, and specifically denies that Defendant has caused Plaintiff harm or damage for which she is entitled to relief under the NYCHRL, or any other federal, state, or local law.

80. Paragraph 80 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 80 of the Complaint, and specifically denies that Defendant has willfully or recklessly disregarded any of Plaintiff's protected rights for which she is entitled to an award of punitive damages against Defendant.

**RESPONSE TO "SIXTH CAUSE OF ACTION: ILLEGAL DISABILITY DISCRIMINATION IN VIOLATION OF THE NYCHRL"**

81. Defendant repeats and re-alleges each and every response set forth in Paragraphs 1-80 of the Answer, as if fully set forth herein.

82. Paragraph 82 of the Complaint contains a statement regarding the NYCHRL to which no response is required. To the extent a response is required, Defendant refers the Court to the relevant statute for a complete and accurate statement of its terms.

83. Paragraph 83 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83 and specifically denies that Defendant has engaged in any discriminatory conduct in violation of the NYCHRL, or any other federal, state, or local law.

84. Denies the allegations in Paragraph 84 of the Complaint.

85. Denies the allegations in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86 of

11
NY01\GottA\4276195.3

the Complaint, and specifically denies that Defendant has caused Plaintiff harm or damage for which she is entitled to relief under the NYCHRL, or any other federal, state, or local law.

87. Paragraph 87 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint, and specifically denies that Defendant has caused Plaintiff harm, or damage for which she is entitled to any relief under the NYCHRL, or any other federal, state, or local statute.

## REQUEST FOR RELIEF

The unnumbered WHEREFORE clause of the Complaint and lettered paragraphs (A)-(J) set forth a demand for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of them. Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of litigation.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted or upon which damages can be sought under Section 1981, the FMLA, or the NYCHRL.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant has not discriminated or retaliated against Plaintiff in violation of Section 1981, the FMLA, or the NYCHRL, or any other federal, state or local statute.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All employment actions taken by Defendant and about which Plaintiff complains were taken for good and just cause and legitimate non-discriminatory and non-retaliatory reasons.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has no damages, or alternatively, has failed, refused, and/or neglected to mitigate or avoid the damages complained of in her Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because Defendant acted in good faith, and did not act willfully or with malice or reckless indifference toward Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims liquidated damages, injunctive relief, or declaratory judgment, those claims are barred in that Defendant at all times acted in good faith and had objectively reasonable grounds to believe that its actions or omissions did not violate any federal, state, or local laws.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations and/or administrative filing periods.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional defenses, which may arise during discovery in this action.

WHEREFORE, Defendant requests judgment be entered against Plaintiff dismissing the Complaint in its entirety with prejudice and granting Defendant such other and further relief as the Court may deem necessary and proper.

Dated: April 5, 2016
      New York, NY

    KELLEY DRYE & WARREN LLP
    *Attorneys for Defendant*

By:   /s/ Barbara E. Hoey
      Barbara E. Hoey
      Allison Gottlieb
101 Park Avenue
New York, NY 10178
T: (212) 808-7800
F: (212) 808-7897
bhoey@kelleydrye.com
agottlieb@kelleydrye.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, a copy of Defendants' Answer was filed electronically with the Court through the ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, including:

Owen H. Laird, Esq.
Walker G. Harman, Jr., Esq.
The Harman Firm, P.C.
1776 Broadway. Suite 2030
New York, NY 10019
olaird@theharmanfirm.com
wharman@theharmanfirm.com

    /s/ Barbara E. Hoey
    Barbara E. Hoey