UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLA OTTLEY-COUSIN,

                              Plaintiff,

             -against-                          Case No. 16-CV-0577

MMC HOLDINGS, INC.

                              Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

KELLEY DRYE & WARREN LLP
Barbara E. Hoey
101 Park Avenue
New York, New York 10178
Phone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................1

UNDISPUTED FACTS ........................................................................2

ARGUMENT ....................................................................................2

I.  STANDARD FOR SUMMARY JUDGMENT ..............................................2

II.  PLAINTIFF'S SECTION 1981 CLAIM OF  RACE DISCRIMINATION
    CLAIM MUST FAIL ......................................................................3

    A.  Plaintiff Cannot Establish a Prima Facie Claim ..............................3

        1.  Plaintiff's Allegations of "Mistreatment" are  Insufficient to
            Support a Claim ..............................................................4

        2.  Plaintiff's Alleged "Demotion" Was Not an Adverse Action ..................7

    B.  Assuming The Alleged "Demotion"/Reassignment is Actionable,
        Plaintiff Cannot Establish an Inference of Discrimination ....................8

        1.  Plaintiff Has No Direct Evidence of Race Discrimination ...................8

        2.  Plaintiff Cannot Prove Disparate Treatment ...............................10

    C.  MMC Had a Legitimate Business Reason for Plaintiff's Reassignment ..............10

    D.  Plaintiff Cannot Prove That Her Reassignment Was Based on Her Race .............11

III.  PLAINTIFF'S SECTION 1981 RETALIATION CLAIM MUST FAIL ........................12

    A.  Plaintiff Cannot Show That She  Engaged in Protected Activity .................12

    B.  Plaintiff Has Not Shown a Causal Connection  Between Any
        Alleged Protected Activity  and Her Reassignment or Her Termination ...........14

IV.  PLAINTIFF'S FMLA RETALIATION CLAIM MUST FAIL ................................15

    A.  Plaintiff's Reassignment Was Not Retaliatory .................................16

    B.  Job Abandonment Was a Legitimate Reason for Plaintiff's
        Termination ..................................................................17

    C.  Plaintiff Cannot Show She Was Terminated Because She Took
        FMLA Leave ...................................................................18

V.  PLAINTIFF'S NYCHRL CLAIMS SHOULD BE DISMISSED ...............................19

    A.  This Court Should Decline to Exercise  Supplemental Jurisdiction
        Over the NYCHRL Claims .......................................................19

    B.  Alternatively, Plaintiff's NYCHRL  Claims Should Be Dismissed on
        the Merits ...................................................................20

        1.  Plaintiff's NYCHRL Race Claims Should be Dismissed ........................20

        2.  Plaintiff's NYCHRL Retaliation Claim Should be Dismissed ..................22

        3.  Plaintiff's NYCHRL Disability Claim Should be Dismissed ...................23

## TABLE OF CONTENTS

**Page**

a.    Discrimination and Retaliation for Taking Disability Leave.........23

b.    Plaintiff Never Requested an Accommodation.............................23

VI.    PLAINTIFF IS NOT ENTITLED TO BACK PAY DAMAGES ....................................24

CONCLUSION...................................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdu-Brisson v. Delta Air Lines Inc.*,
  239 F.3d 456 (2d Cir. 2001).................................................................................3

*Alston v. Microsoft Corp.*,
  851 F. Supp. 2d 725 (S.D.N.Y. 2012)....................................................................17

*Bailey v. Brooklyn Hosp. Ctr.*,
  2017 N.Y. Misc. LEXIS 24 (N.Y. Sup. Ct. Jan. 4, 2017).....................................20

*Batchelor v. City of New York*,
  2014 U.S. Dist. LEXIS 46921 (E.D.N.Y. Feb. 16, 2014).......................................7

*Benedith v. Malverne Union Free Sch. Dist.*,
  38 F.Supp.3d 286, 323 (E.D.N.Y. 2014) ..............................................................13

*Bernadotte v. N.Y. Hosp. Med. Ctr. of Queens*,
  2016 U.S. Dist. LEXIS 25595 (E.D.N.Y. Feb. 26, 2016) ...................................3, 8

*Bolden v. Cablevision Sys.*,
  2011 U.S. Dist. LEXIS 86929 (E.D.N.Y July 26, 2011).......................................18

*Bong Chul Kim v. Bogopa Servs. Corp.*,
  2017 U.S. Dist. Lexis 119195 (E.D.N.Y. July 28, 2017) ......................................22

*Bright v. Coca Cola Refreshments USA, Inc.*,
  2014 U.S. Dist. LEXIS 155565 (E.D.N.Y. Nov. 3, 2014)..................................5, 21

*Brown v. City of Syracuse*,
  673 F.3d 141 (2d Cir. 2012)....................................................................................3

*Campbell v. Alliance Nat. Inc.*,
  107 F. Supp. 2d 234 (S.D.N.Y. 2000).....................................................................9

*Carter v. New Venture Gear, Inc.*,
  310 Fed. App'x 454 (2d Cir. 2009)........................................................................17

*Constance v. Pepsi Cola Bottling Co. of N.Y., Inc.*,
  2007 U.S. Dist. LEXIS 99558 (E.D.N.Y. June 18, 2007) ....................................14

*Costello v. New York State Nurses Ass'n*,
  783 F.Supp.2d 656 (S.D.N.Y. 2011).......................................................................4

## TABLE OF AUTHORITIES

**Pages**

*D'Antonio v. Petro, Inc.*,
  2017 U.S. Dist. LEXIS 46762 (E.D.N.Y. Mar. 29, 2017) .......................................................11

*Davis-Molinia v. Port. Auth. of N.Y. & N.J.*,
  2011 U.S. Dist. LEXIS 93868 (S.D.N.Y. Aug. 19, 2011) .......................................................7

*Diaz v. Local 338 of the Retail, Wholesale, Dep't Store Union, United Food &
  Commercial Workers*,
  2015 U.S. Dist. LEXIS 86777 (E.D.N.Y. May 15, 2015) .......................................................23

*Dogmanits v. Capital Blue Cross*,
  413 F. Supp. 2d 452 (E.D. Pa. 2005) .......................................................15

*Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*,
  691 F.3d 134 (2d Cir. 2012).......................................................15

*Dzugas-Smith v. Southold Union Free Sch. Dist.*,
  2012 U.S. Dist. LEXIS 70773 (E.D.N.Y. May 9, 2012) .......................................................3

*EEOC v. Bloomberg L.P.*,
  967 F.Supp.2d 816 (S.D.N.Y. 2013).......................................................7

*Ejiogu v. Grand Manor Nursing & Rehab. Ctr.*,
  2017 U.S. Dist. LEXIS 46629 (S.D.N.Y. Mar. 29, 2017) .................................................17, 18

*Eka v. Brookdale Hosp. Med. Ctr.*,
  247 F.Supp.3d 250, 270 (E.D.N.Y. 2017) .......................................................9, 21

*Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*,
  2012 U.S. Dist. LEXIS 139702 (E.D.N.Y. Sept. 27, 2012).......................................................13

*Frankel v. City of New York*,
  2009 U.S. Dist. LEXIS 14864 (S.D.N.Y. Feb. 25, 2009) .......................................................3

*Garber v. N.Y. City Police Dep't*,
  1997 U.S. Dist. LEXIS 12590 (S.D.N.Y. Aug. 22, 1997) .......................................................7

*Garcia v. Barclays Capital, Inc.*,
  2017 U.S. Dist. LEXIS 189122 (S.D.N.Y. Nov. 15, 2017).......................................................19

*Green v. NYC Health & Hosp. Corp.*,
  2008 WL 144828 (S.D.N.Y. Jan. 15, 2008) .......................................................11

*Hall v. Verizon N.Y.*,
  2017 U.S. Dist. LEXIS 122729 (S.D.N.Y. July 26, 2017) .......................................................24

## TABLE OF AUTHORITIES

<u>**Pages**</u>

*Ilinca v. Bd. of Coop. Educ. Servs. Of Nassau*,
    2016 U.S. Dist. LEXIS 164466 (E.D.N.Y. Nov. 29, 2016)....................................................16

*Irons v. Bedford-Stuyvesant Cmty. Legal Servs*,
    2015 U.S. Dist. LEXIS 130116 (E.D.N.Y. Sept. 28, 2015)..................................................10

*Jackson v. City of New York*,
    29 F. Supp. 3d 161, 172 (S.D.N.Y. 2014) ....................................................................10, 21

*Johnson v. N.Y.C. Dept. of Educ.*,
    39 F.Supp.3d 314, 322 (E.D.N.Y. 2014) ..............................................................................8

*Jones v. R.R. Donnelley & Sons Co.*
    541 U.S. 369 (2004)...............................................................................................................5

*Joseph v. Leavitt*,
    465 F.3d 87 (2d Cir. 2006).................................................................................................3, 19

*Joseph v. Owens & Minor Distrib.*,
    5 F.Supp. 3d 295, 312 (E.D.N.Y. Mar. 24, 2014) ................................................................12

*Kinneary v. City of New York*,
    601 F.3d 151 (2d Cir. 2010).................................................................................................23

*Kwan v. Andalex Grp., LLC*,
    737 F.3d 834 (2d Cir. 2013).................................................................................................12

*Lawson v. City of New York*,
    2013 U.S. Dist. LEXIS 166666 (E.D.N.Y. Nov. 21, 2013)..................................................14

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015)...................................................................................................4

*Lizardo v. Denny's, Inc.*,
    270 F.3d 94 (2d Cir. 2001).....................................................................................................3

*Mackey v. Unity Health Sys.*,
    2004 U.S. Dist. LEXIS 8830 (W.D.N.Y. May 10, 2004) ......................................................19

*Mathirampuzha v. Potter*,
    548 F.3d 70 (2d Cir. 2008).....................................................................................................4

*Mazza v. Bratton*,
    108 F. Supp. 2d 167 (E.D.N.Y. 2000) ..................................................................................23

*McGrath v. Reuters*,
    2012 U.S. Dist. LEXIS 81447 (S.D.N.Y. Apr. 30, 2012)....................................................17

## <u>TABLE OF AUTHORITIES</u>

<u>Pages</u>

*Meiri v. Dacon*,
  759 F.2d 989 (2d Cir. 1985)..................................................................................................3

*Melman v. Montefiore Med. Ctr.*,
  98 A.D.3d 107 (1st Dept. 2012)..........................................................................................20

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102 (2d Cir. 2013)................................................................................................21

*Moore v. Kingsbrook Jewish Med. Ctr.*,
  2013 U.S. Dist. LEXIS 107111 (E.D.N.Y. July 30, 2013)..............................................8, 12

*Morales v. NYS Dep't of Labor*,
  865 F. Supp. 2d 220 (N.D.N.Y. 2012)................................................................................11

*Morse v. JetBlue Airways Corp.*,
  2014 U.S. Dist. LEXIS 78778 (E.D.N.Y. June 9, 2014) ....................................................25

*Murray v. Visiting Nurse Servs.*,
  528 F.Supp.2d 257 (S.D.N.Y. 2007)...................................................................................15

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002)..............................................................................................................5

*Noll v. Int'l Bus. Machs. Corp.*,
  787 F.3d 89 (2d Cir. 2015)..................................................................................................23

*Paul v. Wyeth Pharmaceuticals, Inc.*,
  326 Fed. App'x 18 (2d Cir. 2009)........................................................................................11

*Petrisch v. HSBC Bank USA, Inc.*,
  2013 U.S. Dist. LEXIS 45346 (E.D.N.Y. Mar. 28, 2013)....................................................7

*Phillip v. City of New York*,
  2012 U.S. Dist. LEXIS 55335 (E.D.N.Y. Apr. 19, 2012) ...................................................9

*Pouncy v. Advanced Focus LLC*,
  2017 U.S. Dist. LEXIS 156414 (S.D.N.Y. Sept, 25, 2017).................................................14

*Ramos v. Marriott Intern., Inc.*,
  134 F.Supp.2d 328 (S.D.N.Y. 2001)...................................................................................11

*Reilly v. Revlon, Inc.*,
  620 F.Supp.2d 524 (S.D.N.Y. 2009)...................................................................................19

*Risco v. McHugh*,
  868 F. Supp. 2d 75 (S.D.N.Y. 2012)...................................................................................13

## TABLE OF AUTHORITIES

**Pages**

*Rivera v. Apple Indus. Corp.*,
148 F. Supp. 2d 202 (E.D.N.Y. 2001) ....................................................23

*Rojas v. Roman Catholic Diocese of Rochester*,
660 F.3d 98 (2d Cir. 2011)....................................................................13

*Ruhling v. Tribune Co.*,
2007 U.S. Dist. LEXIS 116 (E.D.N.Y. Jan. 3, 2007) ...........................13

*Schnabel v. Abramson*,
232 F.3d 83 (2d Cir. 2000)......................................................................3

*Setelius v. Nat'l Grid Elec. Servs. LLC*,
2014 U.S. Dist. LEXIS 134789 (E.D.N.Y. Sept. 24, 2014).................11

*Sethi v. Narod*,
12 F.Supp.3d 505, 546 (E.D.N.Y. 2014) ................................................4

*Siracuse v. Roman Catholic Diocese of Brooklyn*,
2009 U.S. Dist. LEXIS 132380 (E.D.N.Y. Sept. 15, 2009)..................16

*Skates v. Inc. Vill. of Freeport*,
2017 U.S. Dist. LEXIS 113935 (E.D.N.Y. June 28, 2017) ..................17

*Tarascio v. NBC Universal, No.*,
2016 N.Y. Misc. LEXIS 350 (N.Y. Sup. Ct., Feb. 4, 2016) .................20

*Thompson v. FRB*,
2004 U.S. Dist. LEXIS 2613 (S.D.N.Y. Feb. 20, 2004)......................16

*Ticali v. Roman Catholic Diocese of Brooklyn*,
41 F. Supp. 2d 249 (E.D.N.Y 1999) .......................................................7

*Tillman v. Verizon N.Y., Inc.*,
118 F.Supp.3d 515, 543 (E.D.N.Y. July 30, 2015)..............................20

*Tomassi v. Insignia Fin. Grp., Inc.*,
478 F.3d 111 (2d Cir. 2007).....................................................................9

*Turner v. NYU Hosps. Ctr.*,
784 F.Supp.2d 266 (S.D.N.Y. 2011).....................................................11

*United States v. Brennan*,
650 F.3d 65 (2d Cir. 2011).....................................................................10

*Vangas v. Montefiore Med. Ctr.*,
823 F.3d 174 (2d Cir. 2016)..................................................................24

<u>**TABLE OF AUTHORITIES**</u>

<u>**Pages**</u>

*Vazquez v. Southside United Hous. Dev. Fund Corp.*,
   2009 U.S. Dist. LEXIS 74480 (E.D.N.Y. Aug. 21, 2009).....................................................24

*Vilien v. Dep't of Educ.*,
   2009 U.S. Dist. LEXIS 27468 (S.D.N.Y. Mar. 31, 2009) .................................................9, 21

*Weber v. City of New York*,
   973 F. Supp. 2d 227 (E.D.N.Y. 2013) ...............................................................................22

*Weeks v. N.Y. State*,
   273 F.3d 76 (2d Cir. 2001).................................................................................................5

*Westbrook v. City Univ. of N.Y.*,
   591 F.Supp.2d 207 (S.D.N.Y. 2008).................................................................................11

*Williams v. Palladia, Inc.*,
   2009 U.S. Dist. LEXIS 15516 (S.D.N.Y. Feb. 10, 2009) ........................................................8

*Wolf v. Time Warner, Inc.*,
   548 Fed. Appx. 693 (2d Cir. 2013) ...................................................................................22

*Ynoa v. New York-Presbyterian*,
   2005 U.S. Dist. LEXIS 14086 (S.D.N.Y. July 12, 2005) .....................................................18

**Statutes**

28 U.S.C. § 1367(c)(3)......................................................................................................19

29 U.S.C. §§ 2612(a)(1) & 2614(a)(1) ...............................................................................15

**Other Authorities**

29 C.F.R. § 825.216(a)......................................................................................................16

29 C.F.R. § 825.216(c)......................................................................................................16

Defendant MMC Holding of Brooklyn, Inc. ("MMC" or "Defendant") submits this Memorandum of Law in Support of its Motion for Summary Judgment.

## PRELIMINARY STATEMENT

Plaintiff Carla Ottley-Cousin, an employee of MMC Holding of Brooklyn ("MMC")[1] was terminated on November 30, 2015 for job abandonment, after she failed to request an extension or return to work after her FMLA leave expired on October 13, 2015. Plaintiff has admitted that she moved herself and her family to Florida during that leave (without telling MMC), and did not move back to Brooklyn or return to work when her leave ended. In fact, Plaintiff could not have returned to work, as she had been declared "totally disabled" by MMC's disability carrier as of September 11, 2015, and remained out on total disability through March 2017.

The Complaint alleges six causes of action: race discrimination and retaliation, under Section 1981 of the Civil Rights Act ("Section 1981") (Counts I and II); retaliation in violation of the FMLA (Count III); and race discrimination, disability discrimination, and retaliation in violation of the New York City Human Rights Law ("NYCHRL") (Counts IV, V, and VI). (Compl. at ¶¶55-87). None of these claims should survive summary judgment.

The race and disability discrimination claims are premised on Plaintiff's allegations that three different supervisors, Cindy Albertson, Phyllis Matera, and Gail Cortez, created a "hostile work environment" and "mistreated" Plaintiff. (Compl. at ¶¶15-22, 41). Plaintiff also alleges that, upon return from a prior medical leave in February 2015, she was unlawfully demoted. (*Id.* at ¶¶34, 67).

---

[1]     Plaintiff worked within Executive Physician Systems, Inc. ("EPS"), a subsidiary of MMC. For simplicity the employer will be referred to as MMC throughout this Motion.

First, Plaintiff's allegations of "mistreatment" are exaggerations of trivial workplace gripes, which are not "adverse actions" as a matter of law. Ms. Cousin was never formally disciplined, was promoted by Ms. Matera, and received salary increases each year of her employment. There was simply no unlawful "harassment" or "mistreatment" of Plaintiff.

Second, Ms. Cousin was not unlawfully demoted. Rather, Plaintiff was out on a lengthy leave from October 2014, into 2015. During the months she was out, management made the lawful decision to eliminate Plaintiff's former position. To date, that position does not exist. Ms. Cousin could have been terminated. However, rather than terminate Plaintiff, she was given a new position with no change in hours or pay.

Finally, Plaintiff cannot present any credible facts to show that her November 2015 termination for job abandonment was discriminatory or retaliatory. Plaintiff admits the facts that precipitated the termination – namely, her move to Florida and failure to return to her job at the end of her FMLA leave in October 2015. Plaintiff can present no evidence to show that the termination was a pretext for any form of discrimination or retaliation. Finally, since Plaintiff was certified as completely disabled from September 2015 onward, she could not have returned to work and cannot now recover damages for her termination.

Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

## UNDISPUTED FACTS

For a complete recitation of the undisputed facts, Defendant respectfully refers the Court to Defendant's Local Rule 56.1 Statement ("Rule 56.1") submitted herewith.

## ARGUMENT

## I.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be granted if the moving party shows that "[t]here is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed R.

Civ. P. 56(c); *Bernadotte v. N.Y. Hosp. Med. Ctr. of Queens*, 2016 U.S. Dist. LEXIS 25595, at *16

(E.D.N.Y. Feb. 26, 2016) (Brodie, J.); *Dzugas-Smith v. Southold Union Free Sch. Dist.*, 2012 U.S.

Dist. LEXIS 70773, at *45-46 (E.D.N.Y. May 9, 2012). A fact is material only "if it might affect

the outcome of the suit under the governing law;" and "[a]n issue of fact is 'genuine' if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frankel v.

City of New York,* 2009 U.S. Dist. LEXIS 14864, at *3 (S.D.N.Y. Feb. 25, 2009).

The Second Circuit has held that "[T]he salutary purposes of summary judgment . . . apply

no less to discrimination cases than to . . . other areas of litigation." *Abdu-Brisson v. Delta Air

Lines Inc.*, 239 F.3d 456, 466 (2d Cir. 2001); *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

Thus, in a discrimination case, a defendant's motion for summary judgment should be granted if,

based on the record as a whole, the plaintiff cannot satisfy her "ultimate burden of persuading the

trier of fact that the defendant intentionally discriminated against [her]." *Schnabel v. Abramson*,

232 F.3d 83, 90 (2d Cir. 2000). *See also Joseph v. Leavitt*, 465 F.3d 87, 93 (2d Cir. 2006); *Lizardo

v. Denny's, Inc.*, 270 F.3d 94, 103-04 (2d Cir. 2001).

## II.  PLAINTIFF'S SECTION 1981 CLAIM OF RACE DISCRIMINATION CLAIM MUST FAIL

### A.  Plaintiff Cannot Establish a *Prima Facie* Claim

Plaintiff's First Cause of Action alleges that MMC discriminated against her due to her

race by allegedly treating her "less well" than non-black and non-Hispanic coworkers, and

ultimately demoting her. (Compl. at ¶¶55-59).[2]

Employment discrimination claims under Section 1981 are to be analyzed under the

*McDonnell Douglas* three-step burden-shifting framework. *See Brown v. City of Syracuse*, 673

---

[2]  MMC notes that Plaintiff does not claim in this course of action that her termination was based on her race. Thus, the termination claim will be addressed in connection with the Second, Third, and Fourth Causes of Action.

F.3d 141, 150 (2d Cir. 2012). In order to establish a *prima facie* claim, Plaintiff must establish:
(1) that she is a member of a protected class; (2) she was qualified for her position; (3) she
suffered an adverse employment action; and (4) she must present evidence to show an inference
that the adverse employment action occurred due to discrimination. *See Littlejohn v. City of New
York*, 795 F.3d 297, 307 (2d Cir. 2015). Plaintiff cannot establish a *prima facie* case.

### 1.   *Plaintiff's Allegations of "Mistreatment" are Insufficient to Support a Claim*

The Complaint alleges that Plaintiff was treated "less well than her non-black and non-
Hispanic coworkers." (Compl. at ¶57). Plaintiff alleges that she was excluded from meetings,
sent "harassing emails" about her clothing and "falsely accused" of breaking company policy.
(Compl. at ¶21).

The Second Circuit has defined an adverse employment action as a "materially adverse
change in the terms and conditions of employment." *Mathirampuzha v. Potter*, 548 F.3d 70, 78
(2d Cir. 2008). Everyday workplace slights, minor annoyances, and even allegations of
unfairness by a supervisor - such as those Ms. Cousin complains of here - are not actionable. For
example, in *Costello v. New York State Nurses Ass'n*, 783 F.Supp.2d 656, 677-78, 680 (S.D.N.Y.
2011), plaintiff alleged her employer "micromanaged" her schedule and "inundated" her with
emails regarding work performance. The Court held these did not qualify as adverse employment
actions. *See also Sethi v. Narod*, 12 F.Supp.3d 505, 546 (E.D.N.Y. 2014) (Brodie, J.).

Plaintiff's complaints here are the same as those rejected in *Costello*.

First, Ms. Cousin admits **she was never formally disciplined** during her 15 years of
employment at MMC. (Rule 56.1 at ¶¶19, 20, 191, 206, 207, 233, 258, 260).

Second, Plaintiff's deposition testimony reveals that her allegations of "harassment" are
based on everyday disagreements with her managers. (Rule 56.1 at ¶¶188, 199, 200, 236, 250,

256; Compl. at ¶21). Claims of a supervisor's "excessive scrutiny do not constitute adverse employment actions, in the absence of other negative results such as a decrease in pay or being placed on probation." *Bright v. Coca Cola Refreshments USA, Inc.*, 2014 U.S. Dist. LEXIS 155565, at *34 (E.D.N.Y. Nov. 3, 2014); *see also Weeks v. N.Y. State*, 273 F.3d 76, 86 (2d Cir. 2001) ("It hardly needs saying that a criticism of an employee (which is part of training and necessary to develop, improve and avoid discipline) is not an adverse employment action"), *abrogated on other grounds*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).

Plaintiff's claims must be put in context. Plaintiff worked under Manager Phyllis Matera for nearly ten years, during which time Ms. Matera gave her many good evaluations, promoted her and approved salary increases every year. (Rule 56.1 at ¶¶31 - 46). Likewise, during the nearly five years she worked under Manager Cindy Albertson, Plaintiff was also never disciplined, and was given salary increases each and every year. (*Id*. at ¶¶18, 46). In light of that overall record, the petty issues alleged in the Complaint are not actionable.

**Alleged "Exclusions" From Meetings** – Plaintiff's claims that Ms. Albertson "excluded" her from meetings are both untrue, and cannot support a claim. (Compl. at ¶21). Plaintiff admitted that the only specific meeting she can recall being "excluded" from **happened in 2009** – and were organized by another executive, David Vandergast  – not Ms. Albertson. (Rule 56.1 at ¶¶212, 213).[3]  When Plaintiff told Ms. Albertson she had not been invited, Ms. Albertson said this was a "mistake" and sent an email to Vandergast's assistant, telling her that Ms. Cousin should have been invited. (Rule 56.1 at ¶¶217, 218). Plaintiff does not remember when exactly any other meetings from which she was allegedly excluded actually occurred. (*Id*.

---

[3]    For one, Plaintiff cannot assert a Section 1981 claim based on a 2009 event, as the statute of limitations is four years. *Jones v. R.R. Donnelley & Sons Co.* 541 U.S. 369, 381-82 (2004).

at ¶235). Most importantly, Plaintiff admits that this had no negative impact on her job. (*Id*. at ¶¶232, 233, 234, 235).

**Alleged "Harassing Emails"** - Plaintiff's allegations of "harassing emails" about her clothing are also false and immaterial. (Compl. at ¶21). Plaintiff admitted that she only received two to three emails over her entire career about her clothing. (Rule 56.1 at ¶199). A thorough search[4] turned up **only one** email sent to Plaintiff that could be located from July 2014, from Ms. Albertson to Plaintiff politely asking Plaintiff to remove her thong sandals. (Hoey Decl. Ex. UU). **Ms. Cousin admits she knew these sandals were a violation of the MMC dress code. (***Id***. at ¶¶202, 204, 205). Plaintiff also admits she "did not remove them on purpose." (*Id*. at ¶204). Plaintiff was never disciplined for violating the MMC dress code. (*Id*. at ¶¶206, 207)

**Alleged "Scrutiny" over Breaks** – Plaintiff's allegations that her managers "scrutinized" her breaks also turn out to be false and/or greatly exaggerated. Plaintiff admitted that she never was prohibited from taking lunch or a break. (Rule 56.1 at ¶¶189, 192). At most, she was told by her manager not to begin eating until her actual lunch break had begun. (*Id*. at ¶¶247, 248, 249). Plaintiff also claims her managers might ask her why she was away from her desk, or whether she was on a break. (*Id*. at ¶194). Plaintiff claims that another supervisor, Susan Fingerhut, was "never" spoken to about being away from her desk. (*Id*. at ¶240). However, Plaintiff admitted that she did not sit near Ms. Fingerhut's desk, and thus could not know of any communication between Plaintiff's supervisor, and Ms. Fingerhut. (*Id*. at ¶¶241, 242, 243, 244, 245, 246). Plaintiff admits that she was never disciplined for allegedly taking excessive "breaks" at MMC. (*Id*. at ¶19).

---

[4]      Defendant searched for and produced all emails sent to Plaintiff from 2015 back, which were on its system.

These allegations of minor disagreements and criticism from Ms. Matera or Ms. Albertson, spread over many years, are not sufficient to constitute adverse employment actions. *Batchelor v. City of New York*, 2014 U.S. Dist. LEXIS 46921, at \*113-14 (E.D.N.Y. Feb. 16, 2014) (holding that employee's complaints of excessive scrutiny was not an adverse employment action); *EEOC v. Bloomberg L.P.*, 967 F.Supp.2d 816, 871 (S.D.N.Y. 2013).

Nor are these disagreements sufficiently severe or pervasive to support a claim of a hostile work environment. *Petrisch v. HSBC Bank USA, Inc.*, 2013 U.S. Dist. LEXIS 45346, at \*39-40, \*50-51 (E.D.N.Y. Mar. 28, 2013) (allegations that a supervisor screamed at Plaintiff and did not invite her to meetings, was not a hostile work environment); *Davis-Molinia v. Port. Auth. of N.Y. & N.J.*, 2011 U.S. Dist. LEXIS 93868, at \*43-44 (S.D.N.Y. Aug. 19, 2011) (allegations that supervisors excluding plaintiff from meetings, yelled or "talked down" to plaintiff, were insufficient for a hostile work environment). A manager who emails an employee about violating the dress code is not violating the law – especially when the employee admits there was a violation. In sum, Plaintiff's allegations of "mistreatment" are not legally actionable.

## 2.   *Plaintiff's Alleged "Demotion" Was Not an Adverse Action*

Plaintiff's claimed "demotion" was not an adverse employment action. The facts here are undisputed – Plaintiff was out from October 2014 to February 2015 - which was more than the time allowed under the FMLA. During that time, her job was eliminated. MMC could have lawfully fired Ms. Cousin, under the FMLA (*see* Point IV, *infra*). However, MMC Director, Maryann Ferrari chose to find another position for Plaintiff and keep her at the same salary. This was not an actionable "adverse action." *Ticali v. Roman Catholic Diocese of Brooklyn*, 41 F. Supp. 2d 249, 265 (E.D.N.Y 1999) (transfer was not an adverse employment action); *Garber v. N.Y. City Police Dep't*, 1997 U.S. Dist. LEXIS 12590, at \*13 (S.D.N.Y. Aug. 22, 1997) (finding

no adverse employment action where employee "earned the same salary, had the same benefits, worked the same hours").

Thus, MMC's decision to eliminate one position and reassign Ms. Cousin to a different position, with the same pay and hours, is not actionable.

**B.      Assuming The Alleged "Demotion"/Reassignment is Actionable, Plaintiff Cannot Establish an Inference of Discrimination**

Even if Plaintiff were able show that the February 2015 reassignment was an actionable adverse employment action, she would be unable to demonstrate an inference of race discrimination. Proof of a discriminatory inference, may include "actions or remarks made by decision makers that could be viewed as reflecting a discriminatory animus." *Williams v. Palladia, Inc.*, 2009 U.S. Dist. LEXIS 15516, at *20 (S.D.N.Y. Feb. 10, 2009). Further, in determining if a genuine issue of material fact exists, the court must distinguish between evidence allowing for a reasonable inference of discrimination from evidence that, like here, is merely speculation and conjecture. *Bernadotte*, 2016 U.S. Dist. LEXIS 25595 at *26-27.

**1.      *Plaintiff Has No Direct Evidence of Race Discrimination***

The decision to eliminate Plaintiff's Supervisor position was made by Ms. Albertson and David Vandergast, and approved by MMC Director Maryann Ferrari. Significantly, Plaintiff admits that **none of those decision-makers** – Ms. Albertson, Ms. Ferrari, or Mr. Vandergast - ever said anything negative about her race or about black people. (Rule 56.1 at ¶¶ 8, 12, 13, 14). This alone defeats Plaintiff's race discrimination claim. *Johnson v. N.Y.C. Dept. of Educ.*, 39 F.Supp.3d 314, 322 (E.D.N.Y. 2014) (plaintiff failed to show an inference of discrimination where there were no discriminatory comments to or about plaintiff); *Moore v. Kingsbrook Jewish Med. Ctr.*, 2013 U.S. Dist. LEXIS 107111, at *22-23 (E.D.N.Y. July 30, 2013) (Brodie, J.)

(holding that plaintiff failed to offer any evidence of race discrimination, when there are no allegations that anyone made racist comments to or about Plaintiff).

Plaintiff alleges that Ms. Albertson made some isolated remarks (which <u>Ms. Cousin did not even hear</u>) and which were not related to Plaintiff or her alleged 'demotion.' Plaintiff claims that, sometime in 2010-2011 (3- 4 years before the alleged 'demotion') Ms. Albertson allegedly said that Puerto Ricans "have no class," and a Hispanic employee would not earn a promotion because "those type of people are classless and tacky." (Rule 56.1 at ¶263; Compl. at ¶¶17, 18). Ms. Cousin did not even hear these comments. (*Id*. at ¶¶264, 265).

First, this Court cannot consider these comments in defeating summary judgment, as they would not be admissible at trial. Plaintiff's testimony as to comments she did not hear would be inadmissible hearsay, and a party cannot defeat summary judgment based on hearsay evidence. *Eka v. Brookdale Hosp. Med. Ctr.*, 247 F.Supp.3d 250, 270 (E.D.N.Y. 2017) (rejecting on summary judgment plaintiff's hearsay testimony on disparate treatment).

Even if these remarks were admissible, "It is well established that stray remarks … without a demonstrated nexus to the complained of personnel actions, will not defeat the employer's motion for summary judgment." *Vilien v. Dep't of Educ.*, 2009 U.S. Dist. LEXIS 27468, at *12 (S.D.N.Y. Mar. 31, 2009). Remarks should especially be considered "stray" when they are, as here, totally unrelated and years before the decision at issue. *Campbell v. Alliance Nat. Inc.*, 107 F. Supp. 2d 234, 247 (S.D.N.Y. 2000); *see also*, *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007); *Phillip v. City of New York*, 2012 U.S. Dist. LEXIS 55335, at *27-28 (E.D.N.Y. Apr. 19, 2012) (a remark made two years prior to plaintiff suspension insufficient to show that suspension was done with pretext).

Thus, these alleged remarks simply cannot carry the day for Plaintiff.

### 2. *Plaintiff Cannot Prove Disparate Treatment*

Plaintiff fails to identify any similarly situated employee outside of her protected class who, like her, had a position which was eliminated and was reassigned to a new position, or was treated better or differently than her. (Rule 56.1 at ¶¶82, 83, 84, 85, 86, 87, 88, 89, 90). By failing to identify a necessary comparator, Plaintiff's disparate treatment claim must fail. *See Irons v. Bedford-Stuyvesant Cmty. Legal Servs*, 2015 U.S. Dist. LEXIS 130116, at *36-40 (E.D.N.Y. Sept. 28, 2015) (Brodie, J.) (employee could not maintain disparate treatment claim for layoff when he failed to identify a "similarly situated" person outside his protected class who was not laid off); *Jackson v. City of New York*, 29 F. Supp. 3d 161, 172 (S.D.N.Y. 2014) (rejecting disparate treatment claim where plaintiff "fail[ed] to identify any similarly situated employees who were not comparably disciplined for substantially the same conduct that plaintiff engaged in").

Thus, there is no credible evidence the alleged demotion was based on Plaintiff's race.

### C. <u>MMC Had a Legitimate Business Reason for Plaintiff's Reassignment</u>

Even if Plaintiff were to establish a *prima facie* case, MMC had a legitimate reason to reassign her to the position in Accounts Receivable. MMC does not need to prove this was the 'right' decision, but only needs to establish a legitimate, non-discriminatory reason for Plaintiff's reassignment. *See United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011).

The facts underlying the reassignment are undisputed. (Rule 56.1 at ¶¶82-90). Plaintiff was reassigned to a new position, at the same salary, because her former position was eliminated. (*Id*.).

Since Plaintiff's FMLA leave had expired, this was not an FMLA violation.[5]  Further, the law recognizes that an employer may lawfully decide to eliminate a job based on economic reasons, or for any reason. *D'Antonio v. Petro, Inc.*, 2017 U.S. Dist. LEXIS 46762, at *21-22 (E.D.N.Y. Mar. 29, 2017) (granting summary judgment where employer established position was eliminated due to budget concerns); *Turner v. NYU Hosps. Ctr.*, 784 F.Supp.2d 266, 278 (S.D.N.Y. 2011) (holding that elimination of employee's position for budgetary reasons was lawful); *Westbrook v. City Univ. of N.Y.*, 591 F.Supp.2d 207, 229-30 (S.D.N.Y. 2008).

### D.      Plaintiff Cannot Prove That Her Reassignment Was Based on Her Race

Since MMC has established a legitimate business reason for Plaintiff's reassignment, the ultimate burden will then fall to Plaintiff to prove pretext. Plaintiff must produce evidence that MMC's reason was both "false" **and** "'that the defendant's employment decision was more likely than not based in whole or in part on discrimination.'" *Paul v. Wyeth Pharmaceuticals, Inc.*, 326 Fed. App'x 18, 19 (2d Cir. 2009); *see also Setelius v. Nat'l Grid Elec. Servs. LLC*, 2014 U.S. Dist. LEXIS 134789, at *103 (E.D.N.Y. Sept. 24, 2014) (Brodie, J.); *Ramos v. Marriott Intern., Inc.,* 134 F.Supp.2d 328, 343 (S.D.N.Y. 2001). Plaintiff "must move beyond the *de minimis* showing that establishes a prima facie case 'to the specific proofs and rebuttals of discriminatory motivation the parties have introduced.'" *Green v. NYC Health & Hosp. Corp.*, 2008 WL 144828, at *7 (S.D.N.Y. Jan. 15, 2008); *Morales v. NYS Dep't of Labor*, 865 F. Supp. 2d 220, 246 (N.D.N.Y. 2012). Simply put, Plaintiff cannot satisfy this burden.

Fatal to her claim, Plaintiff concedes she has no direct evidence of discrimination as **no manager**, including any of the decision makers – Ms. Ferrari, Mr. Vandergast, or Ms. Albertson

---

[5]      As we address in more detail in Point IV, *infra*, the FMLA leave expired in December 2014. (Rule 56.1 at ¶78).

– ever made any disparaging comments about her race. (Rule 56.1 at ¶¶8, 10, 12, 13, 14). This alone is sufficient to dismiss this claim. *Moore*, 2013 U.S. Dist. LEXIS 107111, at *22.

Likewise, Plaintiff has no evidence of any employee outside of her protected class who was treated better or differently than her – as she cannot identify any MMC employee who took an extended leave of absence beyond their FMLA period, and returned to their position after it had been eliminated. Since Plaintiff cannot establish disparate treatment, her claim of a discriminatory "demotion" must fail. *Joseph v. Owens & Minor Distrib.*, 5 F.Supp. 3d 295, 312 (E.D.N.Y. Mar. 24, 2014) (Brodie, J.) (granting employer's request for summary judgment on disparate treatment claim).

## III.   PLAINTIFF'S SECTION 1981 RETALIATION CLAIM MUST FAIL

In the Second Cause of Action, Plaintiff alleges that MMC retaliated against her by "subjecting her to offensive, racially-motivated comments, demoting her, and ultimately terminating her." (Compl. at ¶62). This claims fails for two reasons: first, because there is no evidence that Plaintiff engaged in protected activity, and second, because there is no evidence that MMC took any adverse employment action against Plaintiff due to any protected activity.

In order to assert a viable retaliation claim, Plaintiff must show that: (1) she engaged in protected activity; (2) MMC was aware of this activity; (3) MMC took an adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity. *See Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 844 (2d Cir. 2013). Plaintiff must prove her retaliation claim by way of "but-for" causation. *Id*. at 845.

### A.   Plaintiff Cannot Show That She Engaged in Protected Activity

An employee's generalized complaints about her manager or her job are not 'protected activity' under the law, unless the employee is complaining about discrimination.

When a plaintiff relies on informal complaints to management to establish protected activity, as Plaintiff does here, he or she must prove that the complaint was "sufficiently specific" to make it clear the plaintiff was complaining about unlawful discriminatory conduct. *Risco v. McHugh*, 868 F. Supp. 2d 75, 110 (S.D.N.Y. 2012). "Generalized complaints about a supervisor's treatment are insufficient to state protected activity". *Benedith v. Malverne Union Free Sch. Dist.*, 38 F.Supp.3d 286, 323 (E.D.N.Y. 2014).

Ms. Cousin's testimony demonstrates that, while she did complain about her managers, she did not complain about discrimination. Ms. Cousin testified:

- She complained to Ms. Ferrari about Ms. Matera's "nitpicking," but did not complain this was due to her race (Rule 56.1 at ¶¶194, 195, 193);

- She told Ms. Ferrari that Ms. Albertson spoke "different" to her, but did not complain that race was the reason (*Id*. at ¶¶64, 65);

- She complained to Ms. Ferrari and Mr. Vandergast that she was "being picked on", but does not recall what she complained about (*Id*. at ¶¶67, 68, 69, 70, 71, 72);

- She complained to secretary Dawn Volpe, but did not tell Ms. Volpe she felt she was being discriminated against (*Id*. at ¶¶116, 117);

- She met with Ms. Ferrari in April 2015, but did not complain at that meeting that she was being treated worse because of her race (*Id*. at ¶¶120, 121, 122, 123).

Plaintiff's general complaints about the workplace are not "protected activity." *See Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (plaintiff's generalized complaint was not protected activity); *see also, Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*, 2012 U.S. Dist. LEXIS 139702, at *60-61 (E.D.N.Y. Sept. 27, 2012) (plaintiff's complaints that her supervisor lacked civility not protected activity); *Ruhling v. Tribune Co.*, 2007 U.S. Dist. LEXIS 116, at *67-68 (E.D.N.Y. Jan. 3, 2007) (internal complaint about a supervisor's "favoritism" not protected activity).

The fact that a black employee is complaining about 'different' treatment, by a Caucasian manager, is not sufficient to make the complaint protected activity. The black employee must somehow convey to management that she believes the 'different' treatment was due to her race. *Pouncy v. Advanced Focus LLC*, 2017 U.S. Dist. LEXIS 156414, at *19-20 (S.D.N.Y. Sept, 25, 2017) (holding that employee's complaint of "bias[ed] practices" does not constitute protected activity when unconnected to any protected characteristic). Since the record is devoid of any evidence showing Plaintiff complained she was being treated differently due to her race. The retaliation claim must fail.

> ### B.     Plaintiff Has Not Shown a Causal Connection Between Any Alleged Protected Activity and Her Reassignment or Her Termination

Plaintiff also cannot establish that MMC took any adverse employment action against her due to any alleged "protected activity."  First, most of Plaintiff's complaints were after her February 2015 reassignment to the Accounts Receivable Analyst position. (Rule 56.1 at ¶91). Moreover, and as discussed in greater detail in Point II.C, *supra*, Plaintiff's reassignment to that job was due to the elimination of her Supervisor position. Plaintiff thus cannot prove the reassignment decision was retaliatory. *Lawson v. City of New York*, 2013 U.S. Dist. LEXIS 166666, at *42-43 (E.D.N.Y. Nov. 21, 2013) (dismissing retaliation claim, where alleged adverse employment action took place <u>before</u> alleged protected activity).

Second, Ms. Cousin admits the events which preceded her termination. She failed to return from leave in October 2015, and moved to Florida. Six weeks after her leave expired, Maryann Ferrari decided to fire her for job abandonment. (Rule 56.1 at ¶¶170, 174, 175). Job abandonment is a legitimate reason for termination. *Constance v. Pepsi Cola Bottling Co. of N.Y., Inc.,* 2007 U.S. Dist. LEXIS 99558, at *64 (E.D.N.Y. June 18, 2007). Unless Plaintiff  can establish some 'causal nexus' between her complaints and the termination decision, or has

evidence of another employee who engaged in the same behavior and **was not** fired, her retaliation claim cannot stand. *See Murray v. Visiting Nurse Servs.*, 528 F.Supp.2d 257, 273 (S.D.N.Y. 2007). The alleged "mistreatment" by Ms. Matera and Ms. Albertson is irrelevant to this claim, as they did not make the termination decision. It was Ms. Ferrari's decision alone. The retaliation claim must fail.

## IV.   **PLAINTIFF'S FMLA RETALIATION CLAIM MUST FAIL**

Plaintiff's Third Cause of Action alleges that MMC retaliated against Plaintiff by reassigning her to an Accounts Receivable Analyst position for taking FMLA leave, and ultimately terminating her due to taking FMLA leave. (Compl. at ¶¶67, 68, 69). To establish a *prima facie* claim of FMLA retaliation, Plaintiff must establish that (i) she exercised rights protected under the FMLA, (ii) she was qualified for her position, (iii) she suffered an adverse employment action, and (iv) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 147 (2d Cir. 2012).

Plaintiff began FMLA leave on October 3, 2014. (Rule 56.1 at ¶¶73, 75). Plaintiff was entitled to 12 weeks of FMLA leave, which expired in December 2014. 29 U.S.C. §§ 2612(a)(1) & 2614(a)(1); (Rule 56.1 at ¶78). However, Ms. Cousin did not come back to MMC until February 17, 2015. (Rule 56.1 at ¶91).

Once Plaintiff's leave went beyond December 2014, MMC was not obligated under the FMLA to reinstate Plaintiff to her former position. S*ee Dogmanits v. Capital Blue Cross*, 413 F. Supp. 2d 452, 462 (E.D. Pa. 2005) (holding that "employees who exhaust the twelve weeks of leave provided under the FMLA stand to lose their entitlement to job restoration even if their employers provide additional, non-FMLA, leave").

15

Further, it is undisputed that Plaintiff's prior Supervisor position in the Customer Service Department was eliminated, and to date that position has still not been filled. (Rule 56.1 at ¶¶84, 90). The law permits an employer to refuse reinstatement to an employee whose job is eliminated while they are on FMLA leave. 29 C.F.R. § 825.216(a). Additionally, "If after taking FMLA medical leave, an employee is unable to return to work, there is no obligation for an employer to keep the job open". *Siracuse v. Roman Catholic Diocese of Brooklyn*, 2009 U.S. Dist. LEXIS 132380, at *16-17 (E.D.N.Y. Sept. 15, 2009). Thus, MMC could have fired Ms. Cousin – but it did not. 29 C.F.R. § 825.216(c). Indeed, in *Thompson v. FRB*, 2004 U.S. Dist. LEXIS 2613, at *24-25 (S.D.N.Y. Feb. 20, 2004), the Court held that an employer was free to terminate an employee whose position was eliminated while on FMLA leave. MMC instead found her a new position, at the same salary. (Rule 56.1 at ¶¶86, 87). MMC's decision to reassign Plaintiff to a new position was not a violation of the FMLA.

### A.      Plaintiff's Reassignment Was Not Retaliatory

As explained in Point II.C, *infra*, Plaintiff's reassignment to the Accounts Receivable Department in February 2015 was lawful and done for a legitimate business purpose, as she exceeded her leave and her position was ultimately eliminated.

Since Ms. Cousin was not entitled to reinstatement under the FMLA, Plaintiff can only succeed if she can show this was done in retaliation for taking FMLA leave. However, Plaintiff has not elicited any evidence to show that MMC eliminated her Supervisor position or reassigned her to Analyst position due to her taking FMLA leave. *See Ilinca v. Bd. of Coop. Educ. Servs. Of Nassau*, 2016 U.S. Dist. LEXIS 164466, at *35 (E.D.N.Y. Nov. 29, 2016) (dismissing FMLA retaliation claim on summary judgment where plaintiff failed to proffer any evidence connecting defendant's employment action with plaintiff's FMLA leave). Indeed, the fact that Ms. Ferrari made sure that Plaintiff would be paid the same salary after her reassignment – even though this

16

was a higher salary than the Analyst job paid – belies Plaintiff's allegations of retaliation. (Rule 56.1 at ¶87)

Further, Plaintiff suffered no monetary damage as a result of the reassignment, as she was paid the same salary she was earning before her FMLA leave.

### B.   Job Abandonment Was a Legitimate Reason for Plaintiff's Termination

As discussed in greater detail in Point IV.C, *infra*, MMC did not retaliate against Plaintiff by terminating her employment in November 2015, since Plaintiff abandoned her position by moving to Florida and failing to return to work.

This Circuit recognizes job abandonment as a legitimate, non-retaliatory reason for termination, even when an employee was on FMLA leave. *See Carter v. New Venture Gear, Inc.*, 310 Fed. App'x 454, 457 (2d Cir. 2009); *McGrath v. Reuters*, 2012 U.S. Dist. LEXIS 81447, at *42-43 (S.D.N.Y. Apr. 30, 2012), *adopted by* 2012 U.S. Dist. LEXIS 81478 (S.D.N.Y. June 10, 2012); *Alston v. Microsoft Corp.*, 851 F. Supp. 2d 725, 731 (S.D.N.Y. 2012), *aff'd*, 2013 U.S. App. LEXIS 11136 (2d Cir. June 4, 2013); *Ejiogu v. Grand Manor Nursing & Rehab. Ctr.*, 2017 U.S. Dist. LEXIS 46629, at *31-32 (S.D.N.Y. Mar. 29, 2017) (holding that job abandonment is a legitimate, non-retaliatory reason for termination sufficient to defeat an FMLA retaliation claim) *Skates v. Inc. Vill. of Freeport*, 2017 U.S. Dist. LEXIS 113935, at *43-44 (E.D.N.Y. June 28, 2017).

Ms. Cousin was approved for FMLA leave through October 13, 2015. (Rule 56.1 at ¶153). While on leave, Plaintiff relocated to Florida and then did not return. (*Id*. at ¶¶154, 155, 156, 157, 158, 159, 160, 165). On November 30, six weeks after Plaintiff's leave had expired, having heard nothing from her, Maryann Ferrari decided to terminate her employment. (*Id*. at ¶¶174, 175). Of course, by November 2015, Ms. Cousin had been declared "disabled," was later

approved for long term disability benefits, and had moved to Florida, so she could not return to MMC.

Based on these undisputed facts, it is clear that Plaintiff abandoned her position. As such, MMC had a legitimate and non-retaliatory reason for terminating Plaintiff's employment.

### C. Plaintiff Cannot Show She Was Terminated Because She Took FMLA Leave

"Plaintiff raises an inference of retaliatory intent if she demonstrates that exercising her rights under the FMLA constituted a negative factor in the defendant's decision to terminate her employment". *Ejiogu v. Grand Manor Nursing & Rehab. Ctr.*, 2017 U.S. Dist. LEXIS 46629, at *29-30 (S.D.N.Y. Mar. 29, 2017).

Ms. Cousin has no such proof, as her termination was clearly based on her failure to return from leave. Ms. Cousin admits that Ms. Ferrari, the person who decided to terminate her, never said anything negative to her about her "disability" or her need for time off. (Rule 56.1 at ¶15). Indeed, it was Ms. Ferrari who suggested MMC find a new job for Plaintiff, after she returned from her last leave, demonstrating that Ms. Ferrari did not consider FMLA leave a negative factor. (*Id.* at ¶¶85, 86, 87). Likewise, Plaintiff has not shown that anyone else made any negative comments or disparaged her due to her September 2015 FMLA leave.

To the contrary, Plaintiff abandoned her position and thus is the only person to blame for her termination. Indeed, in a similar situation in *Bolden v. Cablevision Sys.*, 2011 U.S. Dist. LEXIS 86929, at *13-14 (E.D.N.Y July 26, 2011), the court dismissed an FMLA retaliation claim when the plaintiff was unable to show any negative remarks about her FMLA leave and, like here, plaintiff exceeded her leave, did not return to work, and was ultimately terminated. MMC respectfully submits the same conclusion is appropriate here. *See also Ynoa v. New York-Presbyterian*, 2005 U.S. Dist. LEXIS 14086, at *26-27 (S.D.N.Y. July 12, 2005) (FMLA

retaliation claim dismissed when Plaintiff exceeded her FMLA leave, and was terminated for failing to return to work).

Plaintiff also admits that she was unable to return to work at the conclusion of her FMLA leave, and was still unable to return to work well into 2017, so MMC was within its legal rights to terminate her. "An employer does not violate FMLA where it terminates an employee during his allotted twelve weeks of FMLA leave, and the employee would not have been able to return to work at the end of those twelve weeks." *Mackey v. Unity Health Sys.*, 2004 U.S. Dist. LEXIS 8830, at *11 (W.D.N.Y. May 10, 2004); *see also Reilly v. Revlon, Inc.*, 620 F.Supp.2d 524, 538 (S.D.N.Y. 2009) (FMLA retaliation claim dismissed where plaintiff was terminated two and half months after FMLA leave expired and she was not medically cleared to work).

There is also no proof of another employee who engaged in the same behavior as Ms. Cousin. Plaintiff has no evidence of any employee who failed to return at the end of an FMLA leave, did not request a leave extension, and was **not fired**. Since Plaintiff cannot establish disparate treatment, her FMLA retaliation claim must fail. *See Joseph,* 5 F.Supp.3d at 312.

## V.      PLAINTIFF'S NYCHRL CLAIMS SHOULD BE DISMISSED

### A.      This Court Should Decline to Exercise Supplemental Jurisdiction Over the NYCHRL Claims

Assuming the Court agrees that Plaintiff's federal claims under Section 1981 and the FMLA should be dismissed, it should decline to exercise supplemental jurisdiction over Plaintiff's City law claims. "The district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3). In situations exactly similar to this, courts have declined to exercise supplemental jurisdiction over NYCHRL claims, when the federal causes of action are dismissed. *See Garcia v. Barclays Capital, Inc.*, 2017 U.S. Dist. LEXIS 189122, at *50-51 (S.D.N.Y. Nov. 15, 2017); *see*

*also Tillman v. Verizon N.Y., Inc.*, 118 F.Supp.3d 515, 543 (E.D.N.Y. July 30, 2015) ("[T]he Second Circuit instructs that absent extraordinary circumstances, where federal claims can be disposed of pursuant to [Rule 56 of the Federal Rules of Civil Procedure], courts should abstain from exercising pendent jurisdiction."). As such, in the event that this Court dismisses Plaintiff's federal law claims, Defendant respectfully requests that the Court decline to exercise supplemental jurisdiction over the NYCHRL claims.

**B.     Alternatively, Plaintiff's NYCHRL
Claims Should Be Dismissed on the Merits**

Even if this court retains jurisdiction of Plaintiff's NYCHRL claims, Defendant respectfully submits that summary judgment on these claims is warranted.

"Summary judgment [is] available in discrimination cases, and is appropriate, even under the more liberal NYCHRL." *Tarascio v. NBC Universal, No.*, 2016 N.Y. Misc. LEXIS 350, at *19 (N.Y. Sup. Ct., Feb. 4, 2016). "[E]ven after the passage of the [Local Civil Rights Restoration Act of 2005], not every plaintiff asserting a discrimination claim will be entitled to reach a jury." *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107, 131 (1st Dept. 2012) (affirming summary judgment dismissing a NYCHRL claim); *Bailey v. Brooklyn Hosp. Ctr.*, 2017 N.Y. Misc. LEXIS 24, at *8 (N.Y. Sup. Ct. Jan. 4, 2017).

**1.     *Plaintiff's NYCHRL Race Claims Should be Dismissed***

Plaintiff's Fourth Cause of Action mirrors her First Cause of Action, alleging that she was subjected to "racially motivated comments" and treated "less well" than other employees, is similarly not actionable. (Compl. at ¶73).

The comments are addressed in Point II.B, *supra*. Ms. Albertson's alleged comments were about Hispanic people and not even heard by Plaintiff, and are hearsay. (Rule 56.1 at ¶¶263, 264, 265). Likewise, none of the other executives – Maryann Ferrari, David Vandergast,

Phyllis Matera or Gail Cortez – is alleged to have made any comments about Ms. Cousin or her race. (*Id*. at ¶¶8, 12, 13, 14).

This court cannot deny summary judgment based on hearsay comments, which Ms. Cousin never heard. *Eka*, 247 F.Supp.3d at 270. Nor are the random, stray comments by some supervisors, spread over many years, sufficient to support a claim that they were racially biased against Ms. Cousin. *Vilien,* 2009 U.S. Dist. LEXIS 27468 at *12. This is particularly compelling since the courts have held that the NYCHRL is not a "general civility code," and Plaintiff "still bears the burden of showing that the conduct is caused by a discriminatory motive." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).

Likewise, Plaintiff's allegations of being "called" or "questioned" when away from her desk, or other alleged "excessive scrutiny" are not sufficient standing alone to support her discrimination claim. *Bright*, 2014 U.S. Dist. LEXIS 155565 at *34. Furthermore, as established in Point II, *supra*, Plaintiff's abject failure to identify a single employee who, when compared to Plaintiff, was treated more favorably on the basis of race, is fatal to her NYCHRL race discrimination claim, since she cannot establish she was treated "less well" than any other employee.

It is not clear from the Complaint whether Plaintiff alleges that her termination violated the City Human Rights Law. However, such a claim also could not stand. There is no dispute as to the underlying facts of Plaintiff's termination for job abandonment. (Rule 56.1 at ¶¶174, 175). Since Plaintiff is unable to point to a single employee outside of her protected class who was treated more favorably than she was under these same circumstances, or any circumstances for that matter, her NYCHRL race claim must fail. *See Jackson*, 29 F.Supp.3d at 173-74 (NYCHRL race claims dismissed where "Plaintiff has submitted no evidence that he was treated 'less well'

21

than other similarly situated police officers or that such poorer treatment, had it occurred, was on the basis of his race").

Finally, Plaintiff does not allege any discriminatory or biased behavior by Ms. Ferrari, the person who made the termination decision. (Rule 56.1 at ¶8).

### 2.    *Plaintiff's NYCHRL Retaliation Claim Should be Dismissed*

Plaintiff's Fifth Cause of Action alleges that MMC retaliated against her by demoting and terminating her, for making complaints about race and disability discrimination. (Compl. at ¶78).

As with her federal retaliation claim, Plaintiff must show that she engaged in protected activity and "took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action."  *Wolf v. Time Warner, Inc.*, 548 Fed. Appx. 693, 696 (2d Cir. 2013) (quoting *Mihalik*, 715 F.3d at 112). Plaintiff must also establish that "there was a causal connection between his protected activity and the employer's subsequent action" and "must show that a defendant's legitimate reason" for that action was pretextual or "motivated at least in part by an impermissible motive.'" *Weber v. City of New York*, 973 F. Supp. 2d 227, 273 (E.D.N.Y. 2013) (quoting *Brightman v. Prison Health Serv., Inc.*, 108 A.D.3d 739 (2d Dep't 2013)).

As discussed in Point III, *supra*, Plaintiff has not shown that she engaged in protected activity. On this ground alone, this claim must fail. *See Bong Chul Kim v. Bogopa Servs. Corp.*, 2017 U.S. Dist. Lexis 119195, at *15-16 (E.D.N.Y. July 28, 2017).

Second, as with her Section 1981 retaliation claim, Plaintiff's NYCHRL retaliation claim must fail. As discussed in Point II.C, *supra*, Plaintiff's reassignment as an Accounts Receivable Analyst was solely due to budgetary reasons, and occurred **before** most of Plaintiff's alleged complaints. Further, as discussed in Point IV.C, *supra*, Plaintiff was terminated due to her abandonment of her position. Assuming Plaintiff made any complaints of discrimination in 2015,

Plaintiff has no evidence those complaints were a motivating factor behind her termination. Indeed, Maryann Ferrari testified that she would have taken Ms. Cousin back to work in 2015, if Ms. Cousin had bothered to contact MMC and state that she planned to return. (Rule 56.1 at ¶178). The retaliation claims should be dismissed on summary judgment.

### 3. *Plaintiff's NYCHRL Disability Claim Should be Dismissed*

Plaintiff's Sixth Cause of Action alleges that MMC discriminated against her due to her alleged "disability." (Compl. at ¶¶83, 84, 85).

### a. <u>Discrimination and Retaliation for Taking Disability Leave</u>

As discussed in greater detail in Point II.C, *supra*, Plaintiff's reassignment as an Accounts Receivable Analyst was in no way related to any alleged "disability."

### b. <u>Plaintiff Never Requested an Accommodation</u>

The Second Circuit has recognized that a failure to accommodate claim under the City Law is judged by the same standard as an ADA claim. *See Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015); *Kinneary v. City of New York*, 601 F.3d 151, 158 (2d Cir. 2010).

Plaintiff's failure-to-accommodate claim must fail for the simple fact that she never requested an "accommodation." (Rule 56.1 at ¶¶161, 162, 163, 164, 170). Plaintiff admits that, at the end of her FMLA leave in October 2015, she did not return to MMC nor did she ask for more leave. (*Id*. at ¶¶161, 162, 163, 164). Even after receiving the termination letter, Plaintiff admits she never contacted anyone at MMC. (*Id*. at ¶¶176, 177).

Courts have routinely dismissed failure-to-accommodate claims where the plaintiff, like here, could not prove that she has requested an accommodation. *See Rivera v. Apple Indus. Corp.,* 148 F. Supp. 2d 202, 215 (E.D.N.Y. 2001) (rejecting accommodation claim as a matter of law where no request was ever posed to employer); *Mazza v. Bratton,* 108 F. Supp. 2d 167, 176 (E.D.N.Y. 2000); *Diaz v. Local 338 of the Retail, Wholesale, Dep't Store Union, United Food &*

*Commercial Workers,* 2015 U.S. Dist. LEXIS 86777, at *116, n.7 (E.D.N.Y. May 15, 2015). Indeed, the facts here mirror those in *Vazquez v. Southside United Hous. Dev. Fund Corp.*, 2009 U.S. Dist. LEXIS 74480 (E.D.N.Y. Aug. 21, 2009). The plaintiff in *Vasquez* went on an indefinite leave, and his doctor simply sent a letter to his office stating he could not work. 2009 U.S. Dist. LEXIS 74480 at *34. The plaintiff never requested more leave or an accommodation, and the court unequivocally held that "[s]ince no accommodation was requested, Plaintiff cannot claim that she was denied reasonable accommodations for her disability." *Id.* at *34-35. This exact same scenario as Plaintiff's failure to return to MMC, as she conceded she never contacted MMC seeking more leave. (Rule 56.1 at ¶¶161, 162, 163, 164).

More pointedly, there was no "accommodation" that MMC could have given Ms. Cousin, as it is undisputed that she was totally disabled and could not return to work in November 2015 (or at all). (Rule 56.1 at ¶¶181, 182, 183, 184, 185, 186). Many New York courts have recognized there is no obligation to keep an employee on an indefinite leave of absence. *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 181-82 (2d Cir. 2016); *Hall v. Verizon N.Y.*, 2017 U.S. Dist. LEXIS 122729, at *16 (S.D.N.Y. July 26, 2017). The Sixth Cause of Action should be dismissed in its entirety.

## VI.   PLAINTIFF IS NOT ENTITLED TO BACK PAY DAMAGES

Based on Ms. Cousin's own testimony, it is undisputed that she was totally disabled and could not return to work in November 2015, and was still totally disabled through her deposition in March 2017. (Rule 56.1 at ¶¶181, 182, 183, 184, 185, 186). At the time of her deposition in March 2017, Ms. Cousin admitted she had not worked since she left MMC in September 2015. (*Id.* at ¶184). Since Ms. Cousin was totally disabled for this period of time, she is precluded from receiving an award of back pay. In fact, this circuit has a well-established rule that "lost wages may not be ordered for periods where a plaintiff could not have worked due to disability." *Morse*

*v. JetBlue Airways Corp.*, 2014 U.S. Dist. LEXIS 78778, at *13-14 (E.D.N.Y. June 9, 2014). Therefore, it is clear that Ms. Cousin will not be able to recover any back wages after the time she abandoned her job at MMC.

## CONCLUSION

Defendant respectfully requests that the Court grant its motion for summary judgment, dismiss Plaintiff's Complaint in its entirety, and order such other and further relief as the Court deems just and proper.

Dated: January 30, 2018               KELLEY DRYE & WARREN LLP
New York, New York

By:  */s/ Barbara E. Hoey*
     Barbara E. Hoey

101 Park Avenue
New York, NY 10178
P: (212) 808-7800
F: (212) 808-7897
bhoey@kelleydrye.com

*Attorneys for Defendant*

25